**People of the State of Illinois, Defendants in Error, v. George W. McDonald, Plaintiff in Error.**

Gen. No. 11,787.

Second District, Second Division.

December 5, 1963.

Jacobs & Ernst, of Elmhurst (Walter Schousen of counsel), for plaintiff in error.

William G. Clark, Attorney General, of Springfield (William J. Bauer, State's Attorney, of Wheaton, Fred G. Leach, E. Michael O'Brien, Assistant Attorneys

General, and Kenneth Moy, Assistant State's Attorney, of counsel), for defendant in error.

SPIVEY, J.

The defendant was found to be a sexually dangerous person by the Circuit Court of DuPage County without a jury and committed to the custody of the Director of Public Safety as his guardian.

Defendant stood charged in a three count indictment with having committed the infamous crime against nature and taking indecent liberties with a certain child of the age of six years, he then and there being a male person of the age of seventy years.

The State's Attorney of DuPage County petitioned the Court alleging he believed the defendant may be suffering from psychosis and other mental illnesses and requested the appointment of two qualified psychiatrists to make a personal examination of the defendant.

The Court found the crime charged to be of a sexual nature against a child under the age of thirteen years and ordered two psychiatrists to examine the defendant and file with the Court a report in writing of the result of their examinations.

A purported trial under the Sexually Dangerous Persons Act (Ill Rev Stats 1961, c 38, §§ 820.01 through 825e), was had. No further petition other than the one asking the Court to appoint the two psychiatrists was filed nor were any reports of these psychiatrists filed with the Court as ordered nor was a copy of said reports delivered to the defendant.

Defendant contends (1) that the statute was not followed and in particular reports of the psychiatrists were not filed in writing with the court as provided by Section 4 of the Sexually Dangerous Persons Act, Ill Rev Stats 1961, c 38, § 823, and (2) the Court erred

in committing the defendant without determining the defendant's complete mental state.

Section 1 of the Act defines a sexually dangerous person to be "All persons suffering from a mental disorder, which mental disorder has existed for a period of not less than one year, immediately prior to the filing of the petition hereinafter provided for, coupled with criminal propensities to the commission of sex offenses, and who have demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children, are hereby declared sexually dangerous persons."

Section 3 of the Act sets out the contents of petition which may be filed by the Attorney General or State's Attorney. It provides, "When a person is charged with a criminal offense and it shall appear to the Attorney General or the State's Attorney of the county wherein such person is so charged that such person is a sexually dangerous person, within the meaning of this Act, then the Attorney General or State's Attorney of such county may file with the clerk of the court in the same proceeding wherein such person stands charged with criminal offense, a petition in writing setting forth facts tending to show that the person named is a sexually dangerous person."

Section 3.01 of the Act provides, "The proceedings under this Act shall be civil in nature. The provisions of the Civil Practice Act including the provisions for appeal, and all existing and future amendments of said Act and modification thereof and the rules now or hereafter adopted pursuant to said Act shall apply to all proceedings hereunder except as otherwise provided in this Act."

Section 4 of the Act provides, "After the filing of the petition, the court shall appoint two qualified psychiatrists to make a personal examination of such

351

alleged sexually dangerous person to ascertain whether such person is sexually dangerous, and the psychiatrists shall file with the court a report in writing of the result of their examination, a copy of which shall be delivered to the respondent."

 The sole object of the Sexually Dangerous Persons Act which supplanted the Criminal Sexual Psychopathic Act is to ascertain the mental condition of the accused so that it may be determined if such mental condition is such as to require accused to plead to an indictment and be placed upon trial for the crime with which he is charged. (People v. Capoldi, 10 Ill 2d 261, 139 NE2d 776 (1957) citing with approval, People v. Redlich, 402 Ill 270, 83 NE2d 736 (1949).)

The Court in the Redlich case held that the Criminal Sexual Psychopathic Act provided a similar method for determining the mental condition of an accused, who is not insane or feebleminded, as does Sections 12 and 13 of Division II of the Criminal Code (Ill Rev Stats, c 38, §§ 592 and 593) for determining insanity or feeblemindedness of persons against whom criminal proceedings are pending.

The petition in the instant case in no way sets forth facts tending to show that the person named is a sexually dangerous person. While the Act to provide for trial in a court of record and for a psychiatric examination of persons charged with sexual crimes against children, Laws 1957, p 2568 (Ill Rev Stats 1961, c 38, §§ 825f to 825i inc.) and Sections 12 and 13 of Division II of the Criminal Code make no provision for the filing of a petition, yet the defendant might well have concluded that his mental condition was being looked into under either of these provisions. Under the former act no commitment is provided and under the latter act the place of confinement and conditions for release are different than under the Sexually Dangerous Persons Act.

■ Although it has been said that the trial of the question of mental disorder under the Sexually Dangerous Persons Act is no part of the criminal proceeding and has nothing to do with the guilt or innocence of the defendant (People v. Capoldi, 10 Ill2d 261, 139 NE2d 776) yet because of its close connection to the Criminal Law the safeguards of due process of law will be observed.

In the Capoldi case in holding that the admission of statements made by the defendant without a preliminary hearing as to their voluntariness violated due process and was error it was said, "Insofar as the present requirements of due process are concerned, it is of little significance that the proceedings are civil in nature. A defendant found to be a sexually dangerous person under the Act is deprived of his liberty as a consequence, and must be accorded the protections of due process in his trial."

In People v. Nastasio, 19 Ill2d 524, 168 NE2d 728 (1960) it is stated, "Despite this legislative direction that proceedings under the act shall be civil and that the Civil Practice Act shall apply, the proceedings in fact closely resemble criminal prosecutions in many critical respects. A hearing may be had only after the defendant is charged with a criminal offense, evidence of crimes may be introduced at the trial, and an adverse verdict subjects the defendant to indefinite incarceration. Ill Rev Stats 1959, c 38, §§ 822, 824, 825a."

Concluding the Court said, "The two depositions contained the only testimony that related to sexual offenses which occurred more than one year prior to the filing of the petition. Erroneous admission of this testimony was therefore prejudicial."

■ We conclude from the Supreme Court's expressions in the Capoldi and Nastasio cases that the provisions of the Sexually Dangerous Persons Act

should be afforded the same strict construction as penal statutes.

The filing of the petition required by Section 3 of the Act sets in motion the mandatory provision of appointment of two psychiatrists under Section 4 of the Act followed by a hearing on the petition as prescribed by Section 5 of the Act.

Section 4 of the Act requires the psychiatrists to examine such alleged sexually dangerous person to ascertain whether such person is in fact a sexually dangerous person, report to the court in writing of their findings and delivering a copy of such report to the defendant.

Pleadings required by the Civil Practice Act alone require that respondent be reasonably informed of the nature of the claim he is called upon to meet.

From the very nature of the instant proceeding we conclude that the provisions of the Sexually Dangerous Persons Act should be strictly construed.

■ The present action being predicated upon an insufficient petition which petition failed to allege facts tending to show that the person named is a sexually dangerous person and the failure to file with the court and deliver a copy to the defendant of the written findings of the psychiatrists compels us to reverse and remand this cause.

■ In view of the present interpretation by the courts of the similarity of the objects to be obtained by the Sexually Dangerous Persons Act and Sections 12 and 13 of Division II of the Criminal Code we find no merit in defendant's contention that the Court erred in not determining the defendant's complete mental state.

The order of the Circuit Court of DuPage County is reversed and the cause is remanded with directions to that Court to vacate its order of July 6, 1961 finding the defendant to be a sexually dangerous person and

354

committing him to the guardianship of the Director of Public Safety and for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded with directions.

CROW, P. J. and WRIGHT, J., concur.