**The People of the State of Illinois, Plaintiff-Appellee, v. Craig Christman, Defendant-Appellant.**

Gen. No. 70–11.

Second District.

August 26, 1970.

Rehearing denied September 25, 1970.

Dixon, Devine, Ray & Morin, of Dixon, for appellant.

Albert N. Kennedy, State's Attorney of Lee County, of Dixon, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

A complaint filed in the Circuit Court of Lee County charged the defendant, Craig Christman, with the offense or burglary in violation of Ill Rev Stats 1967, c 38, § 19–1. Thereafter, the complaint was dismissed and a criminal information charging the burglary was filed to which the defendant entered a plea of guilty and applied for probation. The trial court denied the application for probation and sentenced the defendant to a term of not less than three nor more than five years in the Illinois State Penitentiary. The trial court denied defendant's post-trial motions for a rehearing on probation, arrest of judgment, and for a new trial. This appeal is from the judgment and from the order denying all post-trial motions.

Defendant contends that the information charging the offense is defective and void; that a defective information voids a conviction, even upon a plea of guilty; and that the trial court abused its discretion in refusing to allow defendant to withdraw his plea of guilty allegedly extracted on the firm belief that defendant would receive probation.

The original criminal complaint was filed by a Howard Leffelman and charged that on the second day of August, 1969, Craig Christman committed the offense of bur-

glary in that "he did enter into the property of Howard Leffelman at 4 a. m. August 2, 1969 without consent or authority and with intent to commit therein a theft. Said property is a meat market located in Sublette Township, Lee County, Illinois," in violation of Ill Rev Stats 1967, c 38, § 19–1. The complaint was dismissed and on August 14, Assistant State's Attorney Edwin Merrick filed a criminal information which, because of the issues presented, is set forth as follows:

## INFORMATION

State of Illinois
15th Judicial Circuit In the Circuit Court
Lee County

August 14, 1969

Now on this day comes into open Court, in his own proper person, Edwin W. Merrick, Assistant State's Attorney to the State of Illinois, in and for said County, in the name and by the Authority of the People of said State of Illinois, and prosecutes in this behalf for and on behalf of said People, and informs said Court that Craig Christman on August 2, 1969 at and within said County and State committed the offense of Burglary in violation of Ill Rev Stats 1967, c 38, § 19–1,

> In that without authority he knowingly entered a building, the property of Howard Leffelman, at approximately 4:00 a. m. August 2, 1969, with intent there and then to commit a theft.

contrary to the statute in such case made and provided, and against the peace and dignity of the same People of the State of Illinois.

/s/ Edwin W. Merrick
Assistant State's Attorney in
and for said Lee County, Illinois.

235

Defendant moved to arrest judgment alleging the information was defective because it neither describes the premises, locates said premises or places said premises in the County of Lee. It is admitted that the form portion of the information does state the County of Lee, but that nowhere in the body of the information is the County named wherein the alleged offense occurred. Of course, the body of the information does several times refer to "said County" which quite logically means the county being identified by reference as "Lee County."

In The People v. Williams, 37 Ill2d 521, 229 NE2d 495, contention was made, as here, that the complaint was void because it did not allege the county in which the offense was committed. In that case, it was held that the court must look at the entire complaint in the case to see if an event as described took place in the county named in the caption, and concluded that it was not aware of any decision of the court holding that the caption of a charging document must be ignored "when there is no conflict between the caption and the body of the complaint." The court therefore held that there was no reason not to read the caption as part of the complaint, and when so read, the complaint sufficiently designates the county in which the offense is alleged to have been committed. Although we have an information in this case, the law must be the same regardless of whether we are dealing with an information or a complaint. It is to be noted also that the complaint hereinbefore mentioned as being filed and thereafter withdrawn does state the county, time, place and location.

Defendant cites The People v. Williams, 30 Ill2d 125, 196 NE2d 483, for authority to the effect that where no street address or more specific location in the county is given the defendant does not have sufficient information to enable him to prepare his defense. That case did so hold and it also held that a defective indictment cannot

be helped by a Bill of Particulars. However, in The People v. Blanchett, 33 Ill2d 527, 212 NE2d 97, at pp 531-2, it was stated:

> "However, in People v. Williams, 30 Ill2d 125, 196 NE2d 483, which also arose under the old statute, we affirmed an order quashing an indictment for burglary which alleged only that a building owned by a named person and allegedly entered was situated in Cook County, holding that such an indictment did not give the defendants sufficient information to prepare their defense. We have reexamined our opinion in Williams and are of the opinion that it was incorrect. Accordingly, People v. Williams, 30 Ill2d 125, 196 NE2d 483, is overruled. See People v. Reed, post, p 535."

In The People v. Reed, 33 Ill2d 535, 213 NE2d 278, it was held that a burglary indictment which does not allege a specific street address of a building allegedly burglarized may require the granting of a motion for a Bill of Particulars where defendant needs such information to properly prepare his defense. It is also said that an indictment which does not contain a street address does not necessarily contain a fatal defect which renders it void. The court concluded that the indictment did not contain a fatal defect and that by pleading guilty to the indictment defendant waived all defects or insufficiencies in the form of the indictment including the lack of a street address. Based upon these cases we conclude that the information here did not contain a fatal defect which would render it void and that the defendant, by pleading guilty, waived all defects or insufficiencies in the form of the information.

The defendant, in attacking the information, also maintains that the ownership of a building in which the burglary took place was not alleged in that the informa-

tion merely referred to "a building, the property of one Howard Leffelman." In Transcontinental Co. v. Emmerson, 298 Ill 394, 131 NE 645, p 400, property is defined as, "property itself, in a legal sense, is nothing more than the exclusive right 'of possessing, enjoying and disposing of a thing,' which, of course, includes the use of a thing." We believe that the information sufficiently alleged ownership of the building in Howard Leffelman.

Because we have decided the information is not void we do not reach the issue advanced by defendant that a defective information voids conviction even on a plea of guilty.

Finally, defendant contends that it was an abuse of discretion for the trial judge to refuse to allow defendant to withdraw his plea of guilty, which he states was extracted from him on the belief that he would receive probation. This claim necessitates a recital of certain pertinent facts. Defendant says his plea was entered in reliance upon the offer of probation made by Assistant State's Attorney Edwin Merrick to his attorney in oral discussions on August 7 and 14, 1969. He also states that Merrick suggested to his attorney that defendant not bring any witnesses to the combined hearing for aggravation, mitigation and probation, other than defendant himself, and in return, Merrick would agree not to submit anything in aggravation except a former plea of guilty to burglary made by the defendant seven years previously. On August 28, the combined hearing date, the court heard defendant's testimony, which contained among other things his admission that he and others broke into Leffelman's meat market but did not steal anything, and Merrick presented a record of the previous conviction. At that time the court reserved its ruling until September 10, 1969. On September 9 a Grand Jury convened, at which time it is alleged, by agreement between defendant's attorney and Merrick, the defendant appeared before the Grand Jury and testified that he and two others

entered the building owned by Howard Leffelman. The agreement supposedly was that Merrick would advise the judge of defendant's cooperation before the Grand Jury as an aid to defendant's securing probation. It is further stated that Merrick did so advise the judge of defendant's cooperation. On September 10, 1969, the court denied probation and Merrick made no recommendation for probation.

On October 6, 1969, defendant filed his motions in arrest of judgment, for a new trial, and for a rehearing on the request for probation. These motions were supported by affidavits of defendant's attorney, his mother and wife, and a Nancy Weber, which stated that defendant's attorney was notified by Assistant State's Attorney Merrick prior to the August 28 hearing that it would not be necessary to produce any witnesses in defendant's behalf, and that the plea of guilty was based upon promises and inferences of Merrick. Merrick filed an affidavit in opposition thereto, which recited that defendant's attorney sent him a letter on August 8, 1969, stating that there was no question but that the defendant was guilty of the offense charged and that he would have the defendant enter a plea of guilty at the arraignment and would appreciate a recommendation that probation be granted to the defendant; that he, Merrick, informed defendant's counsel that he had no knowledge of defendant's background and therefore could not say whether a recommendation for probation could be made; that just prior to arraignment he received a copy of court records showing a prior conviction of defendant on a charge of burglary, and that therefore he could not recommend probation, but would be compelled to present evidence of the prior conviction to the judge. The affidavit, continuing, stated that he did not at any time advise defendant's attorney that he should not bring witnesses to the hearing on probation, aggravation and mitigation and, further, that he was surprised when defendant failed to have witnesses pres-

239

ent at the time of the probation hearing. He further stated that defendant testified before the Grand Jury, as above mentioned, and he reported that fact to the judge. The hearings on the post-trial motions were held on October 6. Although one post-trial motion is described as a motion for rehearing on probation, a number of people, including the president of the Iron Workers' Union, a high school teacher, and a police officer of Mendota, testified that they thought the defendant should be granted probation despite his previous criminal record. Thereafter, the judge denied all three motions and filed a memorandum opinion.

 Defendant has cited many cases for the proposition that it is an abuse of discretion for a trial judge to refuse to allow a defendant to withdraw his plea of guilty if the plea was extracted on a promise of probation or a more lenient sentence. The law on this matter was summarized in The People v. Walston, 38 Ill2d 39, 230 NE2d 233, wherein it was said at pp 42, 43, and 44:

> " 'Permission to withdraw a plea of guilty and enter a plea of not guilty is a matter within the discretion of the (trial) court, yet it is a judicial discretion which should always be exercised in favor of innocence . . . . Where it appears that the plea of guilty was entered on a misapprehension of the facts or of the law, or in consequence of misrepresentations by counsel, or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury, the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty. . . .

> " 'The mere fact, on the other hand, that an accused knowing his rights and the consequences of his act,

hopes and believes that he will receive a shorter sentence or milder punishment by pleading guilty than he would upon a trial and conviction by a jury, presents no ground for permitting the withdrawal of the plea after he finds that his expectation has not been realized.' People v. Morreale, 412 Ill 528, 531-2, 107 NE2d 21; see also People v. Grabowski, 12 Ill2d 462, 467-8, 147 NE2d 49; People v. Temple, 2 Ill2d 266, 275-6, 118 NE2d 271."

· · · · · ·

"In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court."

· · · · · ·

"We do not believe that a statement of innocence, accompanied by a motion to withdraw a plea of guilty by a defendant theretofore adequately informed of the nature of the charge to which he was admitting guilt and adequately admonished as to the possible consequences of such plea, is sufficient of itself to require allowance of such motion."

There is no contention that the court did not properly admonish the defendant before the plea of guilty was received. The defendant admitted his guilt, testified as to his guilt before the trial judge and also before the Grand Jury. It is therefore apparent that he has no defense worthy of consideration by a jury and the ends of justice will not be better served by submitting the case to the jury. As previously noted, a defendant has no absolute right to withdraw his plea of guilty, and we perceive no injustice in the refusal to allow the defendant to withdraw his plea of guilty. Furthermore, the affidavits of defendant's attorney, his mother, wife, and Nancy Weber are contradicted and denied by Assistant State's Attor-

ney Merrick, not only in his affidavit, but in his testimony which the judge heard at the hearing on the motions.

A similar factual situation was presented in The People v. Kwiek, 18 Ill2d 121, 163 NE2d 474. In that case defendant contended that his counsel had induced him to plead guilty because an Assistant State's Attorney had given assurance that he would receive probation if he pled guilty. The Assistant State's Attorney denied that he had ever agreed to recommend probation and the court in affirming the judgment stated at p 124:

> "The defendant's claim that the trial judge abused his discretion assumes the truth of his own testimony and that of the attorney who then represented him. But the trial judge was not required to believe that testimony. He could have regarded it as at best improbable and at worst false. The record does not show that the judge abused his discretion. On the contrary, it shows that he was scrupulous to safeguard the defendant's rights."

Likewise, in our case the trial judge apparently chose to believe the Assistant State's Attorney rather than the defendant's evidence. The trial judge did not abuse his discretion and the judgment is affirmed.

Judgment affirmed.

DAVIS, P. J. and SEIDENFELD, J., concur.