THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD L. STANLEY, Defendant-Appellant.

(No. 11464;

Fourth District—February 17, 1972.

*Rehearing denied March 21, 1972.*

Matthew J. Moran, of Defender Project, of Chicago, for appellant.

Lawrence E. Johnson, State's Attorney, of Urbana, (William R. Gaston, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Upon jury trial defendant was convicted of aggravated battery and armed violence. Sentence of two to ten years was imposed upon the conviction of armed violence.

Upon appeal it is contended that the indictment for armed violence is void in that it failed to state the name of the victim stabbed by the defendant. The written motion for new trial and in arrest of judgment did not challenge the sufficiency of the indictment, and the issue is first raised here.

There is no contention that defendant was not sufficiently advised of the offense charged to prepare his defense. No issues of the sufficiency of the evidence or of the propriety of the instructions are raised.

Ill. Rev. Stat. 1969, ch. 38, par. 33A—2 provides:

"A person commits armed violence when, while armed with a dangerous weapon, he performs any act prohibited by Sections * * * 12—4 * * *."

Specifying the appropriate sections of the Criminal Code, the indictment charged: (I) That defendant struck one Rick Moser in the stomach with a "Rizzuto Estileto Milano Switchblade Knife"; (II) that defendant committed a battery intentionally causing great bodily harm to Rick Moser: (III) that the defendant, while armed with a "Rizzuto Estileto Milano Switchblade Knife" engaged in the commission of the offense of armed violence.

It is urged that the failure to name Rick Moser in Count III of the indictment makes it impossible for defendant to plead this conviction in bar of the subsequent prosecution and subjects him to the hazards of double jeopardy. It suggested that several persons were involved in the street fight shown by the evidence, and that the count at issue does not

specify the "(V)ictim of the aggravated battery which led to the armed violence charged".

The record shows that the defendant was convicted of aggravated battery upon Rick Moser. Armed violence has been defined as an aggravated offense. In *People v. Hardaway*, 108 Ill.App.2d 325, 247 N.E.2d 626, it is said:

> "Certain designated existing offenses were magnified into the more serious offense of armed violence when they were committed while armed."

Aggravated battery was the underlying offense which was enlarged under the provisions of Ill. Rev. Stat. 1969, ch. 38, par. 33 A—1 *et seq.* There is no contention that the evidence in the record suggests that any individual other than Moser was struck in the stomach with a "Rizzuto Estileto Milano Switchblade Knife". The knife described in the challenged count is described identically with that described in the count charging aggravated battery upon Moser.

■■ Upon the issue of threatened double jeopardy, cases collected in *People v. White* (1971), 130 Ill.App. 775, 267 N.E.2d 129, point out that the defense of prior conviction or acquittal may be established from the record of such former prosecution in bar of a subsequent prosecution. (See also *People v. Knox*, 98 Ill.App.2d 270, 240 N.E.2d 426.) In a subsequent prosecution, parol evidence of the identity of the victim is admissible in bar of such prosecution. (*People v. Jankowski*, 391 Ill. 298, 63 N.E.2d 362.) The argument presented here transmogrifies form without regard to substance.

Defendant cites *People v. Tassone*, 41 Ill.2d 7, 241 N.E.2d 419; *People v. Walker*, 7 Ill.2d 158, 130 N.E.2d 182 and *People v. O'Brien*, 404 Ill. 236, 88 N.E.2d 486. In each of these cases the issue was the sufficiency of the testimony and evidence to show the necessary identity of the victim or owner of the property. If, in fact, there is no evidence of such identity in the record, the defendant is without means of supporting his plea in bar of a subsequent prosecution in the manner noted in *White* and *Jankowski*. Authorities cited by defendant are not applicable upon the facts and issues presented here.

■■ While not challenged here, Counts I and II of the indictment properly charge aggravated battery under the authority of *People v. Harvey* (1972), 3 Ill.App.3d 774.

The judgment of conviction is affirmed.

Judgment affirmed.

SMITH and CRAVEN, JJ., concur.