THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS WAYNE ALLEN, Defendant-Appellant.

(No. 11678; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

Fourth District—August 30, 1972.

Morton Zwick, of Defender Project, of Chicago, (Bruce L. Herr, of counsel,) for appellant.

William J. Scott, Attorney General, and Richard A. Hollis, State's Attorney, both of Springfield, (Thomas J. Immel and Robert James Steigmann, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This is an appeal from an order of the circuit court of Sangamon County denying post-conviction relief after an evidentiary hearing. This court on its own motion has raised a question relating to the timeliness of the notice of appeal and for that reason a recitation of the chronology in the trial court is relevant.

The defendant was indicted on January 7, 1969, and charged with indecent liberties with a child. On January 13 defendant was arraigned, counsel appointed, and at the request of an Assistant State's Attorney, two psychiatrists were appointed to examine the defendant—such examination being required under the provisions of Illinois Revised Statutes (1969), ch. 23, sec. 2402, by reason of the nature of the then pending charge. On February 25, 1969, a "hearing" was held in the circuit court wherein the People advised the court that the report of the two psychiatrists were on file and further advised that "both psychiatrists found him to be competent". Counsel for the defendant did not speak to the issue, and without more and based upon the report of the two examining psychiatrists, the court entered an order finding defendant "competent to stand trial."

One of those reports, by a psychiatrist that testified on post-conviction that the defendant was not competent to stand trial, described the defendant as a "mild mental defective". It was noted that while he "probably" knows right from wrong, he was not "competent enough to adhere to the right". This report when considered in its entirety clearly suggested that serious consideration be given the issue of competency prior to the acceptance of a plea of guilty.

After the finding of competence to stand trial based solely upon the reports as filed, the trial court accepted a plea of guilty through the defendant's attorney. Probation was denied and the defendant sentenced to a term of not less than 4 nor more than 10 years. There was no appeal from that proceeding.

In July of 1969 defendant filed a petition for post-conviction relief and counsel was appointed. An amended petition was filed, not by counsel but by defendant acting *pro se*, in January of 1970. One of the allegations in the amended petition is that the defendant was incompetent to stand trial and should never have been convicted. A hearing was held on the amended post-conviction petition on March 2, 1970. The defendant, his court-appointed trial counsel, and a psychiatrist testified. The testimony of his trial counsel essentially relates to allegations in the petition relating to competency of counsel. The psychiatrist's testimony was to the effect that the defendant was not competent to stand trial, that he was not competent to commit a crime at the time of the offense and the psychiatrist further expressed the opinion that he did not think the defendant was capable of understanding that by entering a plea of guilty he lost the right to a jury trial. The psychiatrist further expressed the opinion that the defendant was not capable of cooperating with his attorney in his defense. Our review of the record clearly indicates that this is the only specific testimony on the issue of competency although it can be argued

that the testimony of the attorney might be lay opinion testimony to the effect that the defendant was competent. In the argument of counsel and in the testimony there was much commingling of the issue of insanity at the time of the offense as distinguished from competence at the time of trial.

At the conclusion of the hearing the matter was taken under advisement. On March 26, 1970, the judge who heard the testimony entered an order allowing the post-conviction petition and granting a new trial. In that order the court found the defendant to have been incompetent at the time of trial based upon "uncontradicted testimony presented by the defendant in the post-conviction petition hearing". On April 2, 1970, a certain pleading captioned "Demand" was filed by the People demanding that the order of March 26 be set aside. It was asserted in said demand that the question of defendant's competency to stand trial was not of constitutional dimensions and that a finding of incompetency at the time of trial in a post-conviction hearing was said to be insufficient as a matter of law to set aside the conviction and grant a new trial.

On April 15, 1970, the judge that presided at the post-conviction proceeding vacated the order of March 26 and assigned the matter to another judge. By stipulation of counsel the newly assigned judge heard argument of counsel, read the transcript of the evidence at the post-conviction hearing, and on April 27 entered an order denying post-conviction relief.

The record reflects receipt of a letter to the clerk dated June 2, 1970, with reference to an appeal. The trial court denied the request for appeal as having been received too late. On June 15 this action was reconsidered. The court found that the defendant was without counsel during the appeal time. The trial court thereupon purported to extend the time for appeal, appointed counsel on appeal, and ordered a transcript. A notice of appeal was ordered filed by the clerk and such was filed on June 17, 1970, and defendant filed a *pro se* notice of appeal on July 15, 1970.

The original briefs of the parties in this case did not address the issue of the timeliness of the notice of appeal. This court requested supplemental authority on the issue of jurisdiction. Such has been filed by the defendant and no response to the request has been received from the People.

There is no indication in this record that there was compliance with the requirements found in Rule 651. That rule then and now provides that the clerk of the trial court shall mail or deliver to petitioner a notice of an adverse judgment and shall therein specify the date of the judgment, and notify the petitioner of his appeal rights.

■■ Although the notice of appeal in this case was not filed within 30 days of the order sought to be appealed, it is clear from this record that the defendant undertook to perfect an appeal. His letter of June 2, 1970, requesting an appeal should have been treated as a petition for leave to appeal within the contemplation of Rule 606(c) and transferred to the appropriate court. The failure to do so cannot operate to preclude the defendant's appeal. Such would deny a substantial right and border upon fundamental unfairness. We conclude that the defendant cannot be said to have waived the right to appeal when he is not notified of the right to appeal; neither can we conclude that he has lost the right to petition to file a late notice of appeal by the filing of the same in inartful language in the wrong court.

■■■ We turn now to the merits of the post-conviction proceeding. While we deem it unnecessary to relate in more detail the testimony above described, our conclusion is that the trial judge who heard the testimony was correct in his determination that the uncontradicted testimony established lack of competence to stand trial. Trial of one who is incompetent to stand trial is of unconstitutional dimensions. *People v. Bender,* 20 Ill.2d 45, 16 N.E.2d 328; *Pate v. Robinson,* 383 U.S. 375, 15 L.Ed. 815, 86 S.Ct. 836; *People v. Burson,* 11 Ill.2d 360, 143 N.E.2d 239.

■■ In view of the fact that the uncontradicted testimony in the post-conviction proceedings is that the defendant was not competent to stand trial, it was error to deny the post-conviction relief. It is unnecessary to discuss the question of whether the trial court denied the defendant procedural due process in vacating its earlier order granting relief and reassigning the case without specific notice to the defendant. The judgment of the circuit court denying post-conviction relief is reversed and this cause is remanded to the circuit court of Sangamon County with directions to vacate the conviction and grant the defendant a new trial.

Reversed and remanded with directions.

TRAPP, P. J., and SMITH, J., concur.