THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARLIN HEDENBERG, Defendant-Appellant.

(No. 11754; ▮▮▮▮▮▮▮▮▮▮)

Fourth District—January 17, 1973.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

No appearance for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant-Appellant Marlin W. Hedenberg, was indicted for the offense of indecent liberties with a child in violation of ch. 38, sec. 11—4(3), Ill. Rev. Stat. 1969. On June 16, 1969, being represented by counsel of his choice, he entered a plea of guilty to the charge. A petition for probation was filed, denied after hearing and defendant was sentenced to an indeterminate term of four to twenty years in the penitentiary.

The Illinois Defender Project moved to withdraw as counsel for defendant on his appeal from an order of the trial court denying relief sought in Post-Conviction proceedings, and supported the motion with a brief in conformity with *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. The record shows proof of service of the motion and brief upon the defendant, and the motion was continued to enable the defendant to file additional suggestions which he did in the form of a 57 page document which proved to be a copy of his original *pro se* petition. On this Court's own motion we ordered that the record be supplemented to include the report of the probation officer, a transcript of the proceedings of the hearing on defendant's petition for probation and the transcript of the hearing in aggravation and mitigation. Pursuant to that

order the supplemental record was filed in this Court on December 5, 1972.

In the discharge of our responsibilities we have examined the original record on appeal, the Supplemental Record and the voluminous suggestions filed by the defendant.

The original petition for Post-Conviction relief was filed *pro se* by the defendant. Counsel, other than trial counsel, was appointed and an amended petition was filed and the record establishes personal contact and consultation with defendant by appointed counsel. The amended petition was signed by defendant and his signature was taken before a Notary Public.

■■ The defendant contended in the trial court that following his indictment, and prior to the time his plea was taken, he was not examined by two psychiatrists pursuant to the provisions of ch. 23, secs. 2401—2404, Ill. Rev. Stat. 1969. The trial court ruled that this recital did not raise an issue of constitutional dimension and we agree. The Amended Post-Conviction petition contained no reference or explanation as to what constitutional guarantee was involved nor do we discern any such violation. The defendant did not urge that he was incompetent to stand trial or enter a plea, nor did he contend that he was in any way incompetent at the time of the commission of the offense in question. The statute requires the examination to be made "before trial", but here there was no trial. Even assuming, arguendo, that a constitutional right to the examination is bestowed by the statute, defendant was represented by counsel of his own choice and there is no showing whatsoever that the absence of psychiatric examination had an abiding impact and tainted the plea within the rule of *McMann v. Richardson,* 397 U.S. 759, 25 L.Ed.2d 763. Again, assuming, arguendo, that a constitutional right is involved, we find no requirement that, in taking the plea, the trial judge is required to secure a specific waiver. *People v. Reeves,* 50 Ill.2d 28, 276 N.E.2d 318.

■■ Defendant also contended that the State's Attorney had agreed to recommend that he be given probation or that such information had been relayed to him by his counsel. He testified that he had never talked to any member of the State's Attorney's staff or to the State's Attorney himself, but that his attorney had told him of the agreement. This contention is refuted by the record of the arraignment and during two extensive evidentiary hearings his trial counsel and members of the State's Attorney's staff categorically denied that such an agreement was either made or related to defendant. This was essentially a question of credibility resolved by the trial judge and there is nothing in the record which warrants our interference in the trial court's decision in the matter.

■■ Defendant contended that trial counsel was incompetent. The defendant, at the time his plea was entered, and in response to questions posed by the Court, specifically stated that he was satisfied with his representation. His complaints of incompetency of counsel did not manifest themselves until he had been incarcerated for some time. As we have stated, defendant was represented by counsel of his own choice and alleging incompetency of counsel presents no constitutional question for consideration on post-conviction review unless it is shown that the representation is of such low calibre as to amount to no representation at all or reduces the court proceedings to a farce or a sham. (*People v. Bliss*, 44 Ill.2d 363, 369, 370, 255 N.E.2d 405.) The record here falls far short of meeting this test.

■■ Following denial of defendant's petition for probation he filed a petition for leave to withdraw his plea of guilty. He was afforded a full evidentiary hearing on the motion during which he asserted the same grounds as are set forth above in relation to alleged misinformation conveyed to him by his attorney concerning the recommendation as to probation. The motion was denied. It is fairly inferrable from the record that what prompted the motion was defendant's disappointment over the denial of his petition for probation. The permission to withdraw a plea of guilty is discretionary with the trial judge, but the record here establishes that defendant's plea was voluntary and knowingly entered, that he was under no misapprehension as to the facts or law and that no misrepresentations had been made to him. The trial court did not abuse its discretion in denying the motion, nor were defendant's constitutional rights violated in the denial of the motion. *People v. Morreale*, 412 Ill. 528, 107 N.E.2d 721; *People v. Christman*, 128 Ill.App.2d 232, 261 N.E.2d 834.

■■ We find no justiciable issue for review and agree that this appeal is without merit. Accordingly, the petition of the Illinois Defender Project to withdraw as counsel for defendant is allowed and the judgment of the trial court is affirmed.

Judgment affirmed.

CRAVEN, P. J., and SMITH, J., concur.