THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ART BRAVIERI, Defendant-Appellant.

(No. 57924;

First District (4th Division)—September 25, 1974.

Edward M. Genson and James J. Cutrone, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Linda West Conley, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Art Bravieri, was charged by a complaint with battery. Following a bench trial, he was found guilty and sentenced to 30 days in the House of Correction. On appeal he contends that the complaint is insufficient in that it fails to name or identify the victim of the offense, that he was not proven guilty beyond a reasonable doubt, and that his sentence is excessive.

The complainant, Bruno L. Rybicki, a Chicago police officer, testified that on February 20, 1971, he was at the scene of a collision involving a car driven by Joseph Bravieri, brother of the defendant, and one driven by a Jack Combs. He placed both drivers in his squad car while he filled out an accident report. Combs got out of the car and was attacked by a gang of 15 or 20 youths. Rybicki put in a call for help and then tried to get out of his car; however, he was pushed back in by the defendant and Albert Vena, a co-defendant, with such force that his hat and glasses were knocked off. The defendant told him to "get back in that car, you pig, or we will kill you." He was detained in his car until another squad car arrived. He then got out of his car and saw Combs lying on the sidewalk unconscious with a bloody face. He saw the defendant standing nearby and placed him under arrest. After being arrested, the defendant swung at him with his fist and hit him on the cheek. The defendant denied all of these allegations and testified that he only went up to the squad car to see if his brother had been injured in the collision. When his brother complained of chest pains and an injured eye, the defendant asked Rybicki to take him to a hospital.

The complaint charging the defendant with battery reads as follows:

"BRUNO L. RYBICKI, complainant, now appears before the Circuit Court of Cook County, and in the name and by the authority of the People of the State of Illinois states that ART BRAVIERI has on or about 20 February at 2226 W. Ohio committed the offense of BATTERY in that he INTENTIONALLY AND KNOWINGLY WITHOUT LEGAL JUSTIFICATION CAUSED BODILY HARM BY STRIKING A POLICE OFFI-

CER IN THE FACE KNOCKING OFF HIS GLASSES AND KNOCKING HIM TO THE GROUND WITH BRUNO L. RYBICKI in violation of Chapter 38 Section 12—3 Illinois Revised Statute And Against the Peace and Dignity Of The State of Illinois.

/s/ Bruno L. Rybicki
943 W. Maxwell

STATE OF ILLINOIS
COUNTY OF COOK—ss

BRUNO L RYBICKI

being first duly sworn, on ——————— oath, deposes and says that he has read the foregoing complaint by him subscribed and that the same it true.

/s/ BRUNO L. RYBICKI"

The defendant's argument centers upon the phrase, "by striking a police officer in the face knocking off his glasses and knocking him to the ground with Bruno L. Rybicki." He contends that no reasonable construction of this language will yield the conclusion that Bruno Rybicki was the subject of the alleged battery. If anything, he argues, it appears that Bruno Rybicki committed the offense along with the defendant and that the victim was an unidentified police officer. He stresses that the offense of battery must be committed upon an individual (see Ill. Rev. Stat. 1969, ch. 38, par. 12—3), and therefore that the identity of the victim is a material element of the offense.

We find this argument unpersuasive. The function of a complaint is to permit the defendant to prepare his defense, to prevent surprise at trial, and to establish such a record as would permit him to plead a conviction or an acquittal in bar of a subsequent prosecution. (*People v. Mahoney* (1974), 18 Ill.App.3d 518, 310 N.E.2d 36.) In determining the sufficiency of a complaint it is to be viewed as a whole. *People v. Williams* (1967), 37 Ill.2d 521, 229 N.E.2d 495.

We agree that the language in the present complaint is unclear, but we are of the opinion that, when viewed as a whole, it did not prejudice the defendant. Bruno Rybicki is identified as the complainant, and the complaint is signed and verified by him. This was sufficient to inform the defendant that Rybicki was the police officer referred to. (See *People v. Grey* (1973), 14 Ill.App.3d 310, 302 N.E.2d 473.) Moreover, the defendant never moved to quash the complaint in the trial court or otherwise questioned its sufficiency. Indeed, his principal defense was to deny specifically Rybicki's allegations, indicating that he was fully aware of the identity of the victim of the alleged offense and the nature of the charge against him. We hold therefore that any confusion

resulting from the language complained of was inconsequential and that the complaint was sufficient.

The defendant also argues that he was not proven guilty beyond a reasonable doubt because there was no evidence that his contact with Officer Rybicki caused bodily harm. Section 12—3(a) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 12—3(a)) provides that:

> "A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual."

The complaint in the present case charged that the defendant had committed battery by causing bodily harm to an individual. Thus, the defendant contends, the State was required to prove beyond a reasonable doubt that his actions resulted in some bodily harm to Rybicki.

■■ As we have indicated, Officer Rybicki testified that the defendant pushed him back into his squad car with such force that his glasses and hat were knocked off and that the defendant struck him on the cheek with his fist. In our view it is self-evident that these attacks involved the infliction of bodily injury. Therefore Rybicki's testimony provided a sufficient basis for the court to find that the defendant inflicted bodily injury upon Rybicki.

■■ Finally the defendant argues that his sentence of 30 days in the House of Correction is excessive. The record reveals that a hearing in aggravation and mitigation was held in which it was brought out, among other things, that the defendant had been convicted previously of possession of burglary tools and sentenced to 5 years probation. In setting sentence, the court owes a duty to the public as well as to the accused and must weigh and consider the nature of the offense and the attending circumstances. (*People v. Hubbard* (1969), 107 Ill.App.2d 79, 246 N.E.2d 44.) In the present case the court considered all factors material to the sentence in the hearing in aggravation and mitigation, including the defendant's prior conviction and the seriousness of his attack on a police officer, and then entered a sentence of 30 days in the House of Correction. We find nothing in the record to indicate that the court abused its discretion in so doing.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and JOHNSON, J., concur.