THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CHARLES ANDREW LEONARD, a/k/a Ralph Johnson, Defendant-Appellee.

(No. 12395; ▮▮▮▮▮▮▮▮▮▮

Fourth District—January 14, 1976.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and Kai A. Wallis, both of Illinois State's Attorneys Association, of counsel), for the People.

John F. McNichols and Thomas Nelson, both of State Appellate Defender's Office, of Springfield, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant was charged by way of a six-count indictment for the offenses of deviate sexual assault, indecent liberties with a child, intimidation, and attempt. He was incarcerated in the fall of 1972 and was unable to make bail. On December 22, 1972, defendant moved for a continuance. It is undisputed that this motion tolled the effect of section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 103—5 (a)) which requires that a person held in custody for an alleged offense be tried within 120 days from the date he was taken into custody unless delay is occasioned by the defendant himself.

The defendant's jury trial was scheduled for the jury calendar to begin March 12, 1973, and continue for no more than two weeks. At a pretrial conference on March 7, the defendant waived jury trial and the case was

removed from the jury calendar and continued generally for a bench trial. This bench trial was scheduled to begin April 24, 1973, which would have been 123 days from December 22, 1972.

On April 24, 1973, the State's attorney called to the court's attention sections 1 and 2 of the Act (Ill. Rev. Stat. 1971, ch. 23, pars. 2401, 2402) requiring psychiatric examinations in cases involving certain sexual offenses with minors. The bench trial was continued generally pending the required examination. Psychiatric examinations were conducted on May 1 and 30, and a report to the court was filed June 22. This report was forwarded to the State's attorney June 27.

On July 9, 1973, 124 days from the date defendant waived jury trial, the case was scheduled for bench trial. Defendant submitted a motion for discharge pursuant to section 103—5 since he had not been brought to trial within 120 days of the time he was taken into custody. After a hearing, the trial court granted this discharge on grounds that neither the March 7 waiver of jury trial nor the interruption for psychiatric examinations constituted delay attributable to the defendant.

The State appeals, disputing the trial court's ruling as to both points. ■■ While section 103—5 provides that the 120-day period is tolled "by an examination for competency" pursuant to the Code of Criminal Procedure, the psychiatric testing in this case was not such an examination. Rather, it was mandated by chapter 23, for purposes not entirely clear from the statute itself or the case law interpreting that statute. (*People v. Newbern*, 18 Ill.App.3d 532, 310 N.E.2d 42; *People v. Mahoney*, 18 Ill.App.3d 518, 310 N.E.2d 36.) We do not regard the psychiatric testing requirement required by chapter 23 as an examination to determine competency. Consequently, we agree with the trial court's determination that the State's motion for psychiatric testing, entered some four months after defendant's arraignment, cannot be regarded as delay attributable to the defendant.

Since 124 days elapsed between March 7, 1973, when the defendant waived jury trial, and July 9, 1973, the date the cause was scheduled for a bench trial, we find it unnecessary to consider whether the March 7 waiver of jury trial tolled the statute. The trial court's dismissal of defendant on the basis of section 103—5 is affirmed.

Affirmed.

TRAPP, P. J., and SIMKINS, J., concur.