(No. 35194.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ODELL NELSON, Plaintiff in Error.

*Opinion filed November 18, 1959.*

RAYMOND E. HARTH, of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, and WILLIAM H. SOUTH, Assistant Attorneys General, and FRANCIS X. RILEY, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

After a bench trial in the criminal court of Cook County, Odell Nelson was found guilty of armed robbery. The court imposed a sentence of twenty years to life. Defendant has sued out this writ of error, arguing that his waiver of a jury trial was not understandingly made; and that a fatal variance exists between the victim's name as alleged in the indictment and the name as shown by the proof.

Evidence on behalf of the State discloses that on April 12, 1957, at about 5 A.M. one Salvador Verdusco arrived at his place of employment, the Miller Foundry Company in Chicago. When he went to the dressing room to change clothes he found a fellow worker, Sam Beard, and two strange men, one of whom was identified as defendant. As Verdusco was hanging up his coat the two men walked over, held him up with a gun, and took his wallet out of his pocket. Defendant then struck him on the head with the gun. In the meantime Beard had heard the commotion, and when Verdusco called for him he started to go over.

Defendant then put the gun on him and he went into the pattern room. When he heard the door slam he came out of the pattern room, saw Verdusco lying in a pool of blood, and had the night watchman call the police. Both Verdusco and Beard identified defendant as the man with the gun. The defense was an alibi. Defendant testified he was employed as a night watchman at a tavern and that he was locked alone inside the tavern, without a key, between about 1 A.M. and 8:30 or 9 A.M. on the day in question. Testimony of his two employers tended to corroborate this.

The sufficiency of the evidence is not disputed. To support the contention that a jury trial was not understandingly waived defendant argues that while the court informed him of the right it did not tell him what the consequences of waiver could be. It is claimed the explanation was merely a perfunctory one, insufficient to satisfy the requirements of due process. It appears defendant was represented by counsel, who informed the judge at the outset of the trial court proceedings that defendant requested a bench trial and had signed a jury waiver. The court then told defendant "You are entitled to a trial by jury if you want it. You understand that?" Defendant replied "Yes, sir," whereupon the court asked "You don't want a jury trial?" Defendant answered "No." It is thus clear that defendant was informed of his right to a jury trial and voluntarily chose not to avail himself of it. There is no claim that he was coerced in making the choice. Under such circumstances he cannot complain that the waiver was not understandingly made. (*People v. Surgeon,* 15 Ill.2d 236.) The requirement that "consequences" be explained applies where an accused enters a plea of guilty, not where he merely waives trial by jury.

To support his other assignment of error defendant asserts that in the indictment the name of the person robbed appears as "Salvador Verduzco;" and he argues that be-

cause of the variance between this and the name as proved at the trial he could later be indicted and tried for the robbery of Salvador Verdusco, thus being subjected to double jeopardy. Counsel for the State point out that the misspelling in the record originally filed in this court was the result of a clerical error in making up the record for review, that the indictment charged robbery of Salvador Verduzco, otherwise called Salvador Verdusco; and that by leave of this court a true and correct copy of the indictment has been filed herein.

It is clear that the variance between "Salvador Verduzco" and "Salvador Verdusco" is not fatal. The object in requiring an indictment to name the injured person is to provide identification, so that the accused may prepare his defense and not be taken by surprise on the trial, and so that he may be protected against a second prosecution for the same offense. (*People* v. *Cheney*, 405 Ill. 258; *People* v. *Jankowski*, 391 Ill. 298.) The facts in evidence here leave no doubt as to the identity of the person robbed, nor is it pointed out how the defendant could have been misled or prejudiced in making his defense. The two names are practically identical in sound, and on this record there is no possibility that defendant will have to answer for the offense a second time. A variance as to names alleged in an indictment and proved by the evidence is not regarded as material unless it is made to appear to the court that some substantial injury was done to the accused thereby. (*People* v. *Jankowski*, 391 Ill. 298; *People* v. *Gormach*, 302 Ill. 332.) The variance claimed in this case in no way prejudiced the defendant.

There is no merit in either of the contentions raised; and the judgment must therefore be affirmed.

*Judgment affirmed.*