(No. 36076.—⬛)

The People of the State of Illinois, Defendant in Error, *vs.* Samuel Nesbitt, Plaintiff in Error.

*Opinion filed March 29, 1961.*

Julius Lucius Echeles, of Chicago, for plaintiff in error.

William L. Guild, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley and James R. Thompson, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

The defendant, Samuel Nesbitt, was convicted of the crime of larceny from the person in the criminal court of Cook County. The record is now before us for review on a writ of error.

The sole argument advanced by the defendant in this court is that there is a fatal variance between the indictment and the proof. This argument is based upon the fact that the indictment charged a larceny from the person of one Christine Cury, whereas the proof showed that the victim of the larceny was Christine Oury. In support of this contention defendant relies upon several decisions of this court dealing with the subject of a variance between the name of the victim as charged in the indictment and the name of the victim as established by the proof. The cases cited by the defendant lend some support to his argument, since in those cases judgments of conviction were reversed because of slight variances between the name of the victim as alleged and proved. See *Davis* v. *People,* 19 Ill. 74; *Penrod* v. *People,* 89 Ill. 150; *People* v. *Smith,* 258 Ill. 502; *People* v. *Novotny,* 305 Ill. 549.

We are of the opinion that these cases are not controlling in the instant case. Our latest decision on this subject was in *People* v. *Nelson,* 17 Ill.2d 509, in which we held a variance as to names alleged in an indictment and that proved by the evidence is not regarded as material, unless it is made to appear to the court that some substantial injury was done to the accused thereby. There is no showing in the present case that the defendant was prejudiced. The record is clear that Christine Oury's wallet was stolen from her while she was a passenger on a Chicago bus. It is also undisputed that the defendant was also a passenger of that bus. He was apprehended almost immediately after the theft and was confronted with Christine Oury and accused of stealing her wallet. There is, therefore, no question as to the identity of the victim and there is no doubt that defendant knew that he was charged with larceny from Christine Oury. Defendant argues that it is not necessary for him to show that he was misled or prejudiced but that it is sufficient that he might have been prejudiced by the variance. Under the doctrine of the *Nelson case* a mere

possibility of prejudice is insufficient to require a reversal on the ground of a variance and the record must show an actual substantial injury to the defendant arising out of the variance. Since this element is not present in this case, the judgment of conviction must be affirmed.

*Judgment affirmed.*