The People of the State of Illinois, Plaintiff-Appellee, *v.* Ivan
Rosario, Defendant-Appellant.

(No. 55057;

First District—March 20, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Shelvin Singer, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and William Prendergast, of counsel,) for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After a bench trial, defendant, Ivan Rosario, was found guilty of burglary and sentenced to a term of two to six years in the penitentiary. On appeal to this court he contends: (1) There is a fatal variance in the proof. (2) His oral admission should have been suppressed because of improper warnings concerning his constitutional rights. (3) The evidence fails to prove guilt beyond a reasonable doubt. We will consider these points in inverse order.

The complaining witness testified that he and his wife left their apartment with the door locked and windows shut. Some time later they

returned and found that the front door had been broken and the house ransacked. A record player had been moved to a window leading to the fire escape. A Swiss watch and $70 in currency were missing. A piggy bank had been opened and some $60 in change had been removed.

Another witness testified that on the same day he saw defendant standing in front of the apartment building in question. A police car passed and the defendant started to run. Two bystanders shouted, "Get him, get him" and he and his friend pursued the defendant. While defendant was running, he dropped a brown paper bag. The witness and his friend caught the defendant and a police officer came up and completed the arrest. The witness picked up the bag which defendant had dropped and gave it to the officer.

The police officer testified that he observed the defendant standing in front of the apartment building with the brown paper bag in his hand. Defendant started to run in the opposite direction. The witness turned his automobile and pursued. He saw the defendant drop the paper bag. Subsequent search disclosed that the bag contained a large quantity of coins. This witness also testified that later he observed four or five young men picking up coins from the alley in the rear of the apartment building and that he himself secured some coins from the ground. He also observed that the front door of the apartment had been forced open and there was a television set on the windowsill.

Defendant testified in his own behalf. He admitted that he was in the area of the apartment building at the time. He was carrying a brown bag but insisted that there were two shirts in the bag which he was taking to a laundry in the vicinity. Defendant testified that he had a narcotic problem for which he was receiving treatment at a nearby clinic. In addition, he testified to two previous convictions for burglary. The defendant also stated that as he was walking down the street he heard two men say "Stop." He turned around and saw them running at him. He, in turn, started to run. He denied that he had ever participated in a burglary of the premises.

■■ Upon careful consideration of all of the evidence, we are satisfied that, quite apart from any consideration of the inculpatory statements allegedly made by defendant, the evidence is sufficient to prove guilt of burglary beyond a reasonable doubt. It is true that the circumstances relied upon to prove guilt "*   *   * must be of a conclusive nature and tendency leading, on the whole, to a satisfactory conclusion and producing a reasonable and moral certainty that the accused and no one else committed the crime." (*People v. Marino*, 44 Ill.2d 562, 580, 256 N.E.2d 770, citing *People v. Bernette*, 30 Ill.2d 359, 367, 197 N.E.2d 436 and other authorities.) "This, however, does not require that guilt be

proved beyond any possibility of a doubt." *People v. Murdock,* 48 Ill.2d 362, 367, 270 N.E.2d 21.

In the case at bar, the credible direct evidence adduced by the State shows that a burglary was committed at the home of the complaining witness. The precipitous flight of defendant when he saw the police car is another element to be considered. The fully corroborated evidence that defendant was in possession of a bag containing many coins also is a strong circumstance which links him to this burglary; particularly in view of the complete absence of any other reasonable explanation. In addition, the physical facts show that the laundry was located east of defendant's home and that the apartment building was located further to the east of the laundry. Defendant had passed the laundry when the burglary was committed.

■■ "When a defendant elects to justify or explain his presence at or near the scene of a crime, and he denies participation in it, he must tell a reasonable story or be judged by its improbabilities." (*People v. Bullock,* 123 Ill.App.2d 30, 34, 259 N.E.2d 641.) In our opinion, the testimony of the defendant raised only a question of credibility which was a matter to be determined by the trial court. The finding of guilt should not be disturbed because the evidence is not "* * * so unsatisfactory as to leave a reasonable doubt of the defendant's guilt." *People v. May,* 46 Ill.2d 120, 125, 262 N.E.2d 908.

Regarding the second issue raised by defendant, directed to the question of *Miranda* warnings, defendant was arrested at approximately 7:30 P.M. on October 1, 1969. The arresting officer immediately gave him the constitutional warnings required by *Miranda* while he was in the police car. It is undisputed that these warnings were complete and proper. Defendant then made no inculpatory statement.

Defendant was interrogated by another Chicago police officer at about 9:00 that evening in the police station. This officer asked defendant if he had been admonished regarding his constitutional rights and the defendant replied affirmatively. The officer then told defendant that he had the right to remain silent; that anything he did say would be used against him at a later time in court and that a lawyer would be provided for defendant if he could not provide a lawyer for himself. The officer then inquired if defendant clearly understood this and defendant again responded affirmatively.

Defendant then told the officer that he had been accompanied by an unidentified person whom he met in the street and that they had in fact entered the building. The unknown person had actually broken the door. Defendant also stated that he believed the other person had escaped with some of the proceeds of the crime.

Defendant urges that the State was under an affirmative duty to give additional *Miranda* warnings prior to the time of the second custodial interrogation. It is also urged that the second warnings were insufficient and inaccurate; and, therefore, the defendant was confused and misled so that he was not in a position knowingly and intelligently to waive his right to silence.

Defendant relies mainly upon *Brown v. State*, 252 A.2d 272. We find this decision inapplicable. In that case, there was a time lapse of at least a day between the two interrogations. Prior to the second session, the defendant was driven from the sheriff's office to the State Police Barracks, a distance of some 50 miles. The first interrogation was conducted by a State's Attorney in the presence of two Deputy Sheriffs. The second was conducted by an officer of the State Police. No warnings of any kind were given to defendant before the second series of questions. The court properly held that statements made by defendant were not competent in such a factual context.

We find other authorities persuasive in support of the State's position that the trial court properly heard and considered the inculpatory statement given by defendant in response to the second interrogation. In *People v. Hill*, 39 Ill.2d 125, 233 N.E.2d 367, defendant was interrogated after adequate warnings during the early morning hours. There were several questioning periods, each of short duration. Only one warning was given to defendant prior to commencement of the interrogation. The court held that this was proper procedure and that admissions of the defendant were competent.

It has similarly been held that even where the two interrogations were three days apart, correct *Miranda* warnings given prior to commencement of the questioning were sufficient despite the fact that a subsequent warning given three days later was insufficient. *Maguire v. United States*, 396 F.2d 327, 330.

■■ Under the circumstances presented here, we need not consider the sufficiency of the second warning. We find that the defendant intelligently and knowingly waived his constitutional rights and that the trial court was completely correct in overruling the motion to suppress the inculpatory statement. We note in passing that the inculpatory statement is a complete corroboration of the facts and circumstances presented to the court by the prosecution. The existence of an accomplice accounts logically for the presence of coins at the rear of the premises as described in the testimony of the arresting officer.

■■■ The indictment charged defendant with entering the apartment of Isaac D. Sherman with intent to commit theft therein. The evidence shows that the correct name of the complaining witness is Isadore Sher-

man. Defendant urges that this is a fatal variance. In assessing the validity of this contention, we must be guided by the established legal principle that "[a] variance as to names alleged in an indictment and proved by the evidence is not regarded as material unless it is made to appear to the court that some substantial injury was done to the accused thereby." (*People v. Nelson,* 17 Ill.2d 509, 512, 162 N.E.2d 390.) The record here affirmatively shows no prejudice whatsoever to defendant as a result of the variance. Prior to trial, defendant, by his counsel, had ample rights of discovery. During the trial, he also had access to the transcript of proceedings before the grand jury. These sources were ample to advise him concerning the correct name of the complaining witness. If defendant has fear of any possibility of double jeopardy because of the variance, which contingency we regard as nonexistent, he is at liberty to request that this court amend the indictment. We have here a formal matter which this court is empowered to correct. (See *People v. Sirinsky,* 47 Ill.2d 183, 187-188, 265 N.E.2d 505.) We also note that this point was never raised in the trial court. It may not be raised for the first time on appeal. See *People v. Van Hyning,* 72 Ill.App.2d 168, 175, 219 N.E.2d 268.

We will add that our research shows the following cases which require us to reject defendant's contention. In all of these cases the court held that similar variances were matters of formality only. In *People v. Gilmore,* 101 Ill.App.2d 447, 243 N.E.2d 473, the indictment alleged that August Irby was the victim and the testimony described him as Artis Irby. In *People v. Merrill,* 76 Ill.App.2d 82, 221 N.E.2d 145, the information alleged that burglary was committed in the building owned by Welcome Inn, Inc., a corporation. The proof showed that the owner was Hillcrest Welcome Inn, Inc. In *People v. Van Hyning,* 72 Ill.App.2d 168, 219 N.E.2d 268, the indictment alleged burglary at the property of Robert G. Carlson American Legion Post 1207. The proof showed that the owner was Lt. Robert C. A. Carlson Post No. 1207, the American Legion.

We find no reversible error in this record and the judgment appealed from is accordingly affirmed.

Judgment affirmed.

BURKE and LYONS, JJ., concur.