THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TERRY SMITH, Defendant-Appellant.

(No. 58822; )

First District (3rd Division)—March 21, 1974.

James J. Doherty, Public Defender, of Chicago (Ira Churgin, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Jerald A. Kessler, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Terry Smith was convicted in a non-jury trial of battery and criminal damage to property and was placed on probation for 1 year on each charge, the periods of probation to run concurrently.

In this appeal his sole contention is that he was not proved guilty of criminal damage to property because of a fatal discrepancy between the complaint and the evidence.

Smith was accused of breaking a window in a restaurant on January 7, 1972. On that date Chris Tambakos was working behind the counter of Don's Grill at 4803 Armitage Avenue, Chicago. Sometime during the day the defendant walked in. A day or two earlier he had been told by Tambakos that he would not be served there again. When Smith entered the grill he picked up a sugar bowl and salt shaker and threw them at Tambakos, striking him on the arm. He then seized another sugar bowl and hurled it through a four by six-foot window.

Two complaints were filed against the defendant, one for battery and the other for criminal damage to property. The latter alleged that Smith,
"* * * intentionally and knowingly damaged property * * * plate glass window of GUS KAPRALES without his consent * * *."

The State's proof, however, was that Oscar Perlis owned the grill at 4803 Armitage Avenue and that the grill's window was broken without his consent.

In a prosecution of an offense against property, the complaint or indictment must allege the ownership of the damaged property, and at the trial the allegation must be proved as charged. (*People v. Mosby* (1962), 25 Ill.2d 400, 185 N.E.2d 152.) Failure to prove the essential element of ownership is fatal and the failure may be raised for the first time on appeal. (*People v. Walker* (1955), 7 Ill.2d 158, 130 N.E.2d 182.) This rule springs from the contingency that a defendant may subsequently need to plead former acquittal or conviction in the event of a second prosecution for the same offense. Since the requirement is founded upon the constitutional safeguard against double jeopardy, it is a substantial right and not to be treated as a mere technicality.

The State argues that there was only a variance between the name of the owner in the complaint and his actual identity as proved at trial. In a variance case, the issue becomes one of prejudice; a defendant must show that the difference between the name of the person alleged as owner and the one proved at trial resulted in substantial harm to him. (*People v. Nelson* (1959), 17 Ill.2d 509, 162 N.E.2d 390.) Moreover, where a variance is involved, failure by the defendant to timely object

to the defect in the trial court results in waiver of the right to appeal the point. *People v. Gilmore* (1968), 101 Ill.App.2d 447, 243 N.E.2d 473.

The inapplicability of the cases cited by the State to the facts of the present case is apparent. *People v. Nelson* was an armed robbery case in which the indictment named Salvador Verduzco as the victim, while at trial the name was proved as Salvador Verdusco. From the other circumstances, the court found there was no possibility the defendant had been prejudiced or would have to answer for the offense a second time because of the discrepancy. In *People v. Gilmore* the indictment named August Irby as victim, while the testimony identified him as Artis Irby. Other cases in the same line include: *People v. Nesbitt* (1961), 21 Ill.2d 487, 173 N.E.2d 447 (the indictment charged larceny from the person of Christine Cury, but the proof showed the victim to be Christine Oury); *People v. Rosario* (1972), 4 Ill.App.3d 642, 281 N.E.2d 714, (the defendant was charged with the burglary of Isaac Sherman's apartment; the evidence showed the correct name of the complainant to be Isadore Sherman). In each of these cases the difference between allegation and proof was negligible. Hence, the courts could easily conclude that the material averments had been proved and that the slight variance caused no harm or surprise to the defendants. But what we have before us is a gross dissimilarity, a failure of proof. Kaprales, the alleged owner, did not appear at the trial and his name is not mentioned in the record. There is a substantial possibility of confusion if the defendant were indicted again for the same offense.

■■ The State failed to prove a material part of its case, and the defendant's conviction on the criminal damage to property charge is reversed.

Reversed.

McNAMARA, P. J., and McGLOON, J., concur.