THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICHARD PETTIGREW, Defendant-Appellant.

Fourth District   No. 4—83—0743

Opinion filed April 24, 1984.

Daniel D. Yuhas and James G. Woodward, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE MILLS delivered the opinion of the court:
Armed robbery.
A life sentence under the habitual offender act.
We affirm.

### FACTS

The facts here are simple and the issue is singular. After a jury trial, Richard Pettigrew was found guilty of two counts of armed robbery. Prior to the sentencing hearing, the State's Attorney filed a ver-

ified statement, stating that Pettigrew was eligible for a sentence of life imprisonment under section 33B—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 33B—1) (habitual offender act) because Pettigrew had previously been convicted twice for armed robbery—once in Wisconsin in 1970 and a second time in Illinois in 1976.

At the sentencing hearing, the trial judge found that with Pettigrew's most recent conviction he now had three convictions for a Class X felony and therefore he was a habitual criminal within the meaning of the act. The trial judge then sentenced Pettigrew to life imprisonment.

On appeal, Pettigrew raises only one issue—whether his sentence for life imprisonment must be vacated because the act violates the separation of powers provisions of the Illinois Constitution. He argues that the act is unconstitutional. The State replies that it is not.

We find first, that Pettigrew waived this issue by failing to raise it in the trial court and, second, that the act does not violate the Illinois Constitution.

### WAIVER

■ The law is well settled in Illinois that a nonjurisdictional issue, even one of a constitutional character, which has not been properly presented in the trial court and properly preserved for review, will not be considered on appeal. (*People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353.) As our supreme court stated in *People v. Brand* (1953), 415 Ill. 329, 337, 114 N.E.2d 370, 374:

> "It is fundamental that the question of the constitutionality of a statute cannot be properly raised for the first time in a court of review, but must have been presented to the trial court and ruled upon by it, and the person challenging its validity must have preserved proper exceptions to such ruling."

■ After reviewing the record, it is clear to us that Pettigrew failed to raise in the trial court below the issue of whether the act violated the separation of powers provisions of the Illinois Constitution. Consequently, he has waived his right to raise that issue here.

### CONSTITUTIONALITY OF THE ACT

Even if Pettigrew had properly preserved the issue for appeal, he is incorrect in claiming that the act violates the separation of powers provisions of the Illinois Constitution. The pertinent parts of the act state:

> "Every person who has been twice convicted in any state or federal court of an offense that contains the same elements as

an offense now classified in Illinois as a Class X felony or murder, and is thereafter convicted of a Class X felony or murder, committed after the 2 prior convictions, shall be adjudged an habitual criminal.

\* \* \*

Except when the death penalty is imposed, anyone adjudged an habitual criminal shall be sentenced to life imprisonment." (Ill. Rev. Stat. 1981, ch. 38, par. 33B—1.)

And

"[a]fter a plea or verdict or finding of guilty and before sentence is imposed, the prosecutor may file with the court a verified written statement signed by the State's Attorney concerning any former conviction of an offense set forth in Section 33B—1 rendered against the defendant. The court shall then cause the defendant to be brought before it; shall inform him of the allegations of the statement so filed, and of his right to a hearing before the court on the issue of such former conviction and of his right to counsel at such hearing; and unless the defendant admits such conviction, the court shall hear and determine such issue, and shall make a written finding thereon." Ill. Rev. Stat. 1981, ch. 38, par. 33B—2.

■ Pettigrew maintains that section 33B—2 of the act violates the separation of powers provisions of the Illinois Constitution because it vests in the State's Attorney's office—which is part of the executive branch of State government—the absolute power to invoke the provisions of the act. Pettigrew argues that such authority to invoke is actually a sentencing power and under the State constitution such power belongs exclusively to the judicial branch of State government. We disagree.

The power to petition the court to invoke the sanctions of the act is not the power to sentence. Under the act, the power to sentence remains with the trial judge. As our supreme court stated in *People ex rel. Carey v. Cousins* (1979), 77 Ill. 2d 531, 536, 397 N.E.2d 809, 812:

"There are countless occasions in the trial of a criminal proceeding where a judicial ruling that is adverse to the defendant and may affect the ultimate outcome of the prosecution will not, and ordinarily cannot, be made unless a request for the ruling has been made by the prosecution."

The power given the State's Attorney under the act is simply another one of those occasions.

In addressing a similar separation of powers challenge to section

5—12 of the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 705—12) (habitual juvenile offender act), our supreme court stated in *People ex rel. Carey v. Chrastka* (1980), 83 Ill. 2d 67, 79-80, 413 N.E.2d 1269, 1275-76:

> "It is indisputable that the legislature has the authority to define offenses against the People and to determine sentences ***. Such legislative action necessarily limits the inquiry and function of the judiciary in imposing sentences, but this alone does not render the legislation violative of the constitutional provisions upon which respondents rely. Any resulting diminution of the judiciary's role is adequately remedied by the legislature's clear and comprehensive treatment of the subject ***. We consider it to be entirely reasonable and constitutionally permissible for the legislature to so provide and to authorize the disposition specified in the legislative scheme it has developed."

In conclusion, Pettigrew waived the one issue he raises on appeal, and even so, the habitual offender act is clearly constitutional. Accordingly, we affirm.

Affirmed.

TRAPP and WEBBER, JJ., concur.