THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DAVID FENWICK *et al.*, Defendants-Appellants.

Third District   No. 3—85—0137

Opinion filed October 18, 1985.

John C. Hedrich, of Princeton, for appellants.

Marc P. Bernabei, State's Attorney, of Princeton (John X. Breslin and
Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission,
of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

Following a consolidated bench trial, the defendants, David
Fenwick, Scott Smith, Steven Smith and Eugene Storm were each
convicted of the offense of hunting without permission (Ill. Rev. Stat.
1983, ch. 61, par. 2.33(t)) in Section 23 of Bureau Township, Bureau
County, and fined $36.

According to the certified bystander's report, on December 9,
1984, Richard Eckberg leased a farm in Sections 22 (Section 22) and
23 (Section 23) of Bureau Township, Bureau County, from the owners,
Howell Holloman, David Benjamin, and Paul Arndt. On that date,
conservation officer Harry Brewer saw the defendants wearing hunt-
ing clothes. Both Officer Brewer and Everett Eckberg saw the
defendants carrying a dead deer. Officer Brewer observed that only
Steven Smith and and Eugene Storm carried guns. Officer Brewer
determined that the deer had died and had been carried in Section 23,

approximately 300 yards east of Arthur Rettke's property line. Both Richard Eckberg and Scott Smith opined that the deer had died in Section 22. Scott Smith based his opinion on his recollection that "[t]hat's where we were hunting." Richard Eckberg did not give the defendants permission to hunt, be present or remain on the land.

The defendants initially argue that they were not proved guilty beyond a reasonable doubt since the State failed to prove that the defendants had no permission to hunt from the owners. The State, in response, highlights the "No Hunting" signs in the State's exhibit "A," which was neither offered nor admitted as evidence, and faults the defendants for not proving that they had permission from the owners. The State then suggests that hunters must obtain permission from either the owner or the tenant but not both. The defendants reply that the State did not prove that the deer was killed on the farm and finally that either the owner or the tenant can give permission to hunt.

The issue, then, is whether the State proved that the defendants lacked the requisite permission to hunt. Section 2.33(t) of the Wildlife Code (the Act) provides in part that it is unlawful for any person to hunt within or upon the land of another without first obtaining permission from the owner or tenant. (Ill. Rev. Stat. 1983, ch. 61, par. 2.33(t).) We note that Public Act 81—382 modified the Act effective January 1, 1980, to encompass hunting "upon the land of another \*\*\* without" (rather than "except after") "first obtaining permission from the owner or tenant."

We must ascertain the legislative intent of the Act by examining the statutory language, the evil to be remedied, and the objective to be accomplished. The ordinary meaning is presumed unless the statute indicates otherwise. *People v. Spencer* (1971), 131 Ill. App. 2d 551, 268 N.E.2d 192.

■■ The word "or" between owner and tenant must be accorded significance, since it indicates that the parts of the sentence it connects are to be taken separately. (*People v. Johnson* (1975), 34 Ill. App. 3d 38, 339 N.E.2d 325.) Clearly, the legislature intended that a hunter obtain permission to hunt upon another's land. Two disjunctive, distinct sources of permission were created as alternate material elements of the Act. Those essential elements of the charge must be proved without variance (*People v. Johnson* (1975), 34 Ill. App. 3d 38, 339 N.E.2d 325) by the State, since the burden of proof in a criminal prosecution never shifts to the defendant. If the State fails to establish guilt, the defendant need not introduce any evidence. *People v. Schulewitz* (1967), 87 Ill. App. 2d 331, 231 N.E.2d 678.

The State proved that the tenant did not give the defendants permission to hunt upon the land he farmed in Section 22 and 23. However, the State did not establish the alternate statutory element of permission from the owner. Therefore, the defendants could not be convicted of the offense charged.

■ The defendants next argue that the Act is unconstitutional, since contrary to Illinois Constitution 1970, art. IV, sec. 8 (the provision), it deals with more than one subject and is contrary to the purpose of the Wildlife Code to conserve wildlife. The State correctly responds that the defendants waived consideration of the issue by not raising it in the trial court. (*People v. Guzzardo* (1979), 69 Ill. App. 3d 252, 387 N.E.2d 896.) This issue was never mentioned, argued or ruled upon in the trial court. Even if the issue had been preserved for review, we do not deem the statute unconstitutional.

The purpose of the provision is to prevent incongruous and unrelated matters from being joined in one act. (*People v. Thompson* (1980), 85 Ill. App. 3d 964, 407 N.E.2d 761.) An act may include all matters germane to a general subject, including the means and methods reasonably necessary or appropriate for the accomplishment of the legislative purpose and including any other provisions not inconsistent with or foreign to the general subject of the Act. *In re Marriage of Thompson* (1979), 79 Ill. App. 3d 310, 398 N.E.2d 17.

The Act regulates hunting and is germane to and provides a means to accomplish the stated purpose of the Wildlife Code to preserve wild mammals. Therefore, we find no constitutional violation.

Accordingly, the judgment of the circuit court of Bureau County is reversed.

Reversed.

SCOTT and BARRY, JJ., concur.