THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SAM CANNADY, Defendant-Appellant.

First District (1st Division)   No. 85—1587

Opinion filed August 24, 1987.

James J. Doherty, Public Defender, of Chicago (James N. Perlman, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Joan E. Disis, and Gail Feiger, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Following a jury trial, the defendant, Sam Cannady, was found guilty of unlawful restraint, aggravated criminal sexual assault and armed robbery. Following the conviction, the trial court sentenced the defendant as an habitual criminal to life imprisonment under the Habitual Criminal Act (Act) (Ill. Rev. Stat. 1983, ch. 38, par. 33B—1 et seq.). Defendant appeals, contending that his life imprisonment sentence must be vacated because (1) the provisions of the Habitual Criminal Act under which he was sentenced were unlawfully amended; and (2) the State failed to prove beyond a reasonable doubt the existence of two prior convictions of defendant which contained the elements of a Class X felony as required by the statute.

In the early morning hours of August 5, 1984, the victim was on her way to a laundromat when she was grabbed by the defendant, who put a knife to her throat. The defendant led the victim down a back alley, holding the knife to her throat, until they reached an abandoned building. Defendant directed the victim to the second floor of the building, threatened to kill her if she looked at him, and took from

her $22 in currency and $19 in food stamps. Defendant ordered the victim to take off her clothes. Defendant removed his clothes and forced the victim to perform acts of oral copulation and sexual intercourse.

At defendant's sentencing hearing the State sought leave to file its petition to have the defendant sentenced as a habitual criminal (Ill. Rev. Stat. 1983, ch. 38, par. 33B—1 *et seq.*) and to file certified copies of prior convictions of defendant. In 1969, defendant was convicted of rape and robbery and sentenced to concurrent sentences of four to six years on each count. In 1979, defendant was convicted of rape, armed robbery and deviate sexual assault and sentenced to two terms of 10 years' imprisonment, the sentences to run concurrently. Based upon the prior certified convictions, in addition to the conviction in the case at bar, the trial court sentenced the defendant as an habitual criminal to life imprisonment.

I

■■ Defendant first argues that his life imprisonment sentence must be vacated because the provision of the Habitual Criminal Act under which he was sentenced was unlawfully amended. In 1980, the Act was amended to provide that two felony convictions from a Federal or sister jurisdiction could be used to qualify a defendant as an habitual criminal upon the third felony conviction and that the commission of the third offense had to occur within 20 years of the date judgment was entered on the first conviction. Prior to 1980, only Illinois felony convictions which occurred after August 12, 1978, could be used to trigger the application of the Act. In the case at bar, defendant specifically complains that an examination of the legislative history reveals that the essential constitutional procedural prerequisites for the passage of bills (Ill. Const., art. IV, sec. 8(d)) were not followed in the enactment of this amendment. Defendant argues, therefore, that the statute under which defendant was sentenced is unconstitutional.

At the outset, we note that defendant has waived this issue on review since he did not raise any objection at his sentencing hearing or in his post-trial motion that the amendment to the Habitual Criminal Act was unconstitutional. (See *People v. Visnack* (1985), 135 Ill. App. 3d 113, 481 N.E.2d 744.) It is well settled that the question of the constitutionality of a statute cannot be properly raised for the first time in a court of review, but must have been presented to the trial court and ruled upon by it, and the person challenging its validity must have preserved proper objections to such rulings. (*People v.*

*Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353; *People v. Pettigrew* (1984), 123 Ill. App. 3d 649, 462 N.E.2d 1273.) A review of the record indicates that defendant failed to raise the issue in the trial court of whether the 1980 amendment to the Habitual Criminal Act violated the passage provisions of the Illinois Constitution. Consequently, he has waived his right to raise that issue here.

Even if defendant had properly preserved the issue for appeal, he is incorrect in his assertion that that legislative procedure was not properly adhered to in passing the amendment to the Habitual Criminal Act. Defendant contends that the passage of the amendment was unconstitutional on two grounds: (1) that the bill containing the amendment was not read by title on three different days before the House of Representatives; and (2) that the amendment was not germane to the original bill submitted for passage. Ill. Const. 1970, art. IV, sec. 8(d).

▇ From our review of the legislative history of the amendment at issue (15 Legislative Synopsis and Digest, 81st Ill. Gen. Assem., vol. 1, at 332-33 (1980)), we find that the three-day reading requirement was suspended by a majority of the members of the House of Representatives pursuant to its rules and, therefore, no violation of that requirement occurred. We also find that defendant's argument that the amendment was not germane to the original bill as introduced in the legislature is equally without merit. Article IV, section 8(d), of the Illinois Constitution states: "Bills, except bills for reappropriations and for the codification, revision or rearrangement of laws, shall be confined to one subject." The purpose of this section is to prevent incongruous and unrelated matters from being joined in one act. (*People v. Fenwick* (1985), 137 Ill. App. 3d 457, 484 N.E.2d 915.) Thus, an act may include all matters germane to a general subject, including the means and methods reasonably necessary or appropriate for the accomplishment of the legislative purpose. (137 Ill. App. 3d 457, 484 N.E.2d 915.) By germane it is meant that the amendment has a common tie to the subject matter of the original bill. *Giebelhausen v. Daley* (1950), 407 Ill. 25, 95 N.E.2d 84.

▇ In the case at bar, the subject matter of the original bill as introduced was the amendment of the Criminal Code of 1961. The Habitual Criminal Act is one provision of the Criminal Code and has consistently withstood constitutional attacks. (*People v. McNeil* (1984), 125 Ill. App. 3d 876, 466 N.E.2d 1058; *People v. Coleman* (1984), 128 Ill. App. 3d 538, 470 N.E.2d 1277; *People v. Withers* (1983), 115 Ill. App. 3d 1077, 450 N.E.2d 1323.) During floor debates on the amendment concern was expressed by members of the legislature that the

amendment would apply to career rapists to remove them from society and confine them in prison. The amendment was designed to accomplish this objective by widening the class of criminals who could be sentenced under the Habitual Criminal Act and expanding the qualifications for the predicate felony convictions required under the terms of the Act. In our opinion, the amendment as passed was germane to the original bill of which it was a part and we find no constitutional violation in the passage of the amendment.

## II

■ Defendant's remaining contention is that his sentence of life imprisonment must be reversed because the State failed to prove, beyond a reasonable doubt, the existence of two prior convictions of defendant which contain the elements of a Class X felony. To sustain a life imprisonment sentence under the Habitual Criminal Act, the State must prove beyond a reasonable doubt that the defendant committed three Class X felonies within a 20-year period of time. (Ill. Rev. Stat. 1983, ch. 38, par. 33B—1 *et seq.*) The statute provides that it is not the name given to the prior offenses which qualifies them to constitute one of the two predicate felonies. Rather, it is whether the offense contains the "same element as an offense now classified in Illinois as a Class X felony or murder."

Two certified copies of convictions were stipulated to by the parties. There is no dispute by the parties that defendant's 1979 conviction for rape was a Class X felony. Defendant contends, however, that the 1969 conviction for rape and robbery did not constitute proof beyond a reasonable doubt of an offense which contains the elements of an offense now classified as a Class X offense. The trial court determined that an aggravating factor in defendant's 1969 conviction for rape was the conviction for robbery and, therefore, the 1969 rape conviction satisfied the statutory requirement of a Class X felony. The 1969 conviction resulted from the abduction, rape and robbery of a woman at gunpoint by defendant. The trial court stated that, although the 1969 rape conviction was listed as a Class 1 felony, Class 1 was the top grade felony at that time and no Class X classification existed. Although the Habitual Offender Act could not retroactively make the 1969 rape a Class X felony, we agree with the trial court that the rape, enhanced by the robbery, constituted an offense equivalent to those felonies presently categorized as Class X felonies. See *People v. Tobias* (1984), 125 Ill. App. 3d 234, 465 N.E.2d 608; *People v. Withers* (1983), 115 Ill. App. 3d 1077, 450 N.E.2d 1323.

■ In the case at bar, it is our judgment that the trial court prop-

erly concluded that the State's petition set forth a *prima facie* case to sentence defendant as an habitual offender by fulfilling the requirements of the Act. The court made specific findings that the State established the predicate Class X felonies and noted that the life imprisonment sentence was mandatory under the terms of the statute. It is well settled that the trial court's decision regarding sentencing is entitled to great deference and weight and we find no abuse of discretion in the findings of the trial court here. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.) Accordingly, we affirm defendant's sentence to life imprisonment.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

QUINLAN, P.J., and O'CONNOR, J., concur.