THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROBERT WESTEFER, Defendant-Appellant.

Second District   No. 2—86—0642

Opinion filed May 2, 1988.

G. Joseph Weller and Michael F. Braun, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Virginia M. Ashley, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Robert Westefer, was found guilty by a jury in the circuit court of Du Page County of the offense of armed robbery (Ill. Rev. Stat. 1985, ch. 38, par. 18—2(a)) and was sentenced pursuant to the habitual criminal statute (Ill. Rev. Stat. 1985, ch. 38, par. 33B—1) to life imprisonment.

The following issues are raised on appeal: (1) whether the trial court improperly classified a utility knife as a dangerous weapon as a matter of law, thereby erring in refusing defendant's tendered instruction on the lesser-included offense of robbery; (2) whether it was plain error for the State to introduce evidence of the giving of the *Miranda* warnings where no statement of defendant was introduced into evidence; (3) whether the trial court erred in precluding certain testimony which was not introduced for the truth of the matter asserted; (4) whether certain State evidence was improperly admitted; and (5) whether the habitual criminal statute is unconstitutional.

The following facts were adduced at trial. On August 2, 1985, at about 10:25 p.m., a man walked up to the counter of the White Hen Pantry, pointed a six-inch gray metallic utility knife with a razor-like blade at the clerk, and ordered her to give him all of the money. Another employee of the store helped the clerk place the money in a

brown paper bag. During the robbery, a gray plastic bag with two holes in it fell from the robber's face at which time the clerk observed the robber's face. At trial, the clerk identified defendant as the robber.

After obtaining the money, the robber ran from the store, the plastic bag falling from his face. The robber entered a dark, green-colored, older model passenger car and drove away. A store customer wrote down the license plate number of the vehicle, which was later found to be registered to defendant's mother.

At approximately 2:15 a.m., on August 3, 1985, defendant was stopped by police while driving the above-described vehicle with the same license plate as reported. After arresting defendant, a police officer discovered a gray metallic utility knife, a pair of pants, and several bags in the passenger compartment of the vehicle. The vehicle was subsequently towed to a locked, fenced area and later searched pursuant to defendant's consent. The subsequent search revealed a gray utility knife on the front seat, a gray plastic bag with two holes in it, a pair of blue pants, a brown paper bag, and a $5 bill. The State introduced these various items as well as several photographs depicting the items in defendant's vehicle.

Although defendant presented no evidence on his behalf, he did request a robbery instruction which was denied. Following the jury's guilty verdict, the State moved that defendant be declared a habitual criminal and offered four prior armed robbery convictions in support of its motion. The trial court, after denying defendant's motion to declare the habitual criminal statute unconstitutional, sentenced defendant to a natural life term.

Defendant first contends that the utility knife used in the armed robbery cannot be termed a dangerous weapon as a matter of law, as was done here by the trial court, and, therefore, the court erred in refusing his tendered instructions on the lesser-included offense of robbery. The State responds that the utility knife in this case is an inherently dangerous weapon as a matter of law and was not a question for the jury to decide.

■ The question of whether a particular object qualifies as a dangerous weapon depends upon the character of that object. (*People v. Skelton* (1980), 83 Ill. 2d 58, 66, 414 N.E.2d 455; *People v. Dwyer* (1927), 324 Ill. 363, 365, 155 N.E. 316.) In the great majority of cases, it becomes a question for the fact finder whether the particular object was sufficiently susceptible to use in a manner likely to cause serious injury to qualify as a dangerous weapon; where, however, the character of the weapon is such as to admit of only one conclusion, the ques-

tion becomes one of law for the court. *Skelton*, 83 Ill. 2d at 66, 414 N.E.2d at 458.

The utility knife here falls into the latter category. It has a six-inch metal grip with a one-inch, heavy-duty, single-edged sharp blade. Testimony established that the blade was in a fully exposed position when used in the armed robbery. Typically, such a knife is used to cut resistant surfaces such as rugs, cardboard boxes, linoleum flooring, and the like. We believe that the utility knife is deadly *per se* and can cause serious injury however it is used. We find no error in the trial court's ruling in this regard.

Defendant next contends that it was reversible error for a police officer to testify that defendant was advised of the *Miranda* warnings and to read the rights from a card where no evidence was subsequently introduced concerning any statement made by defendant following these warnings. Defendant argues that the jury was left to speculate whether he remained silent, thereby leaving impermissible inferences from his silence.

There was neither an objection to this testimony, nor was the issue included in a post-trial motion. Both a trial objection and a written post-trial motion raising the issue are required for alleged errors that could have been raised during trial. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186.) Thus, the issue is waived for review unless it constitutes plain error. The doctrine of plain error may be invoked where the evidence is closely balanced or where the error is of such magnitude that the accused is denied a fair trial. *People v. Friesland* (1985), 109 Ill. 2d 369, 375, 488 N.E.2d 261.

While there is authority that testimony of the giving of *Miranda* warnings where the State is not seeking to introduce the defendant's statement into evidence is irrelevant and improper (see *People v. Brady* (1985), 138 Ill. App. 3d 238, 245-46, 485 N.E.2d 1159), there was no further reference to the warnings being given nor was there ever a mention of defendant's silence to constitute a violation of defendant's right to silence. (See *Greer v. Miller* (1987), 483 U.S. ___, 97 L. Ed. 2d 618, 107 S. Ct. 3102.) Therefore, while the evidence of the *Miranda* warnings was irrelevant and improper here, the proof of defendant's guilt was so overwhelming that justice does not require application of the plain-error doctrine.

Defendant next maintains that he should have been permitted to question Officer Langston concerning statements made by defendant to the officer after his arrest. Essentially, the questions would delve into statements made by defendant, not introduced into evidence by the State, that a person named Jerry could have taken his

car and what investigation was made by the police concerning that information. Defendant argues that this evidence was not submitted for the truth of what was said, but, rather, for the purpose of showing the scope of the police investigation. The State responds that the testimony was hearsay and clearly designed to place defendant's alibi before the jury without calling defendant to testify.

Hearsay evidence is testimonial or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter. (*People v. Carpenter* (1963), 28 Ill. 2d 116, 121, 190 N.E.2d 738.) If the relevance of the statement depends upon the truth of the matter asserted or the declarant's belief in the truth or falsity of the matter asserted, the out-of-court statement is hearsay. (See E. Cleary & M. Graham, Illinois Evidence §801.1 (4th ed. 1984).) Under the hearsay rule, an accused is ordinarily excluded from proving his own out-of-court statement. (*People v. Harman* (1984), 125 Ill. App. 3d 338, 341, 465 N.E.2d 1009.) A statement made by a defendant in custody after his arrest that is offered in his favor is not an admission and is subject to objection on hearsay grounds. *People v. Visnack* (1985), 135 Ill. App. 3d 113, 127, 481 N.E.2d 744.

Despite defense counsel's statement that the matters sought to be introduced were not offered to show the truth of the matters to be asserted, it is clear from the record that their relevance depended upon their truthfulness and constituted hearsay evidence. Although properly phrased questions may inquire into the police investigation or lack of it, the questions here, premised on the argument below and on appeal that defendant's out-of-court statement is admissible, were properly found to be objectionable.

■ Defendant raises numerous contentions regarding the admissibility of various items of physical evidence as well as certain photographic exhibits. Specifically, defendant argues the following: that a photograph depicting the utility knife allegedly used in the robbery on the front seat of defendant's vehicle was improperly admitted into custody because it was an incorrect representation of where the knife was actually located at the time defendant was arrested; that a piece of gray plastic and a $5 bill recovered from the vehicle, as well as photographs of the plastic bag, the $5 bill, and a matchbook, were admitted without proper foundation; that a photograph of a pair of blue work pants and a paper bag, and the $5 bill itself, were improperly admitted because there was no connection established between the evidence, defendant, and the crime; and finally, that an application for

the license plate of the vehicle from the Secretary of State was improperly admitted because the State offered no foundation to establish it as a public record.

The State responds initially that defendant did not raise the issues in his post-trial motion and, therefore, they are waived. The State further maintains that there was adequate evidence to establish a proper foundation and chain of custody and that there was sufficient evidence to establish the connection between the work pants, the paper bag, and the $5 bill with defendant and the crime. Finally, the State posits that pursuant to sections 3—405 and 3—409 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, pars. 3—405, 3—409) and section 5(6) of "An Act to revise the law in relation to the Secretary of State" (Ill. Rev. Stat. 1985, ch. 124, par. 5(6)), the application for license plate was properly admitted as a certified copy of a public record.

As stated earlier, both a trial objection and a written post-trial motion raising the issue are required for alleged errors that could have been raised during trial. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186.) Defendant does not argue that these alleged evidentiary errors were not contained in his post-trial motion, but responds that the plain-error doctrine applies. The doctrine of plain error may be invoked where the evidence is closely balanced or where the error is of such magnitude that the accused is denied a fair trial. *People v. Friesland* (1985), 109 Ill. 2d 369, 375, 488 N.E.2d 261.

We, nevertheless, have examined each contention and find they are either without merit or amount to such a minor error as not to constitute plain error. The evidence of defendant's guilt was overwhelming and, because the alleged errors have been waived by the failure to raise them in the post-trial motion and do not constitute plain error, they need not be further discussed in this opinion. See *Enoch*, 122 Ill. 2d at 186.

■ Lastly, defendant presents four arguments as to the constitutionality of the habitual criminal statute (Ill. Rev. Stat. 1985, ch. 38, par. 33B—1). Each of these arguments has been presented to the appellate court in numerous cases and has been rejected. We see no reason to prolong this opinion with a detailed analysis as we agree with the reasoning and result in those decisions. (See *People v. Poole* (1988), 167 Ill. App. 3d 7, appeal filed; *People v. Sims* (1987), 166 Ill. App. 3d 289, 519 N.E.2d 921 (compilation of cases upholding constitutionality of the statute).) The four arguments of the statute's unconstitutionality and the decisions rejecting those contentions follow.

The amendment to the habitual criminal statute did not violate

article IV, section 8(d), of the Illinois Constitution because it was not read three times in the House of Representatives, and it was germane to the original subject matter of the Senate bill. (*People v. Cannady* (1987), 159 Ill. App. 3d 1086, 513 N.E.2d 118.) The habitual criminal statute, by requiring a natural life sentence thereby forbidding consideration of the offender's personal characteristics and the seriousness of the offense, does not violate article I, section 11, of the Illinois Constitution, the due process clause of the Illinois and United States Constitutions, and the eighth amendment of the United States Constitution. (*People v. Morissette* (1986), 150 Ill. App. 3d 431, 501 N.E.2d 781; *People v. Hartfield* (1985), 137 Ill. App. 3d 679, 484 N.E.2d 1136; *People v. McNeil* (1984), 125 Ill. App. 3d 876, 466 N.E.2d 1058.) The habitual criminal statute does not place sentencing authority in the State's Attorney and, therefore, does not violate the separation of powers clause of the Illinois Constitution, the due process and equal protection clauses of the United States Constitution, or the eighth amendment of the United States Constitution. (*People v. Morissette* (1986), 150 Ill. App. 3d 431, 501 N.E.2d 781; *People v. McNeil* (1984), 125 Ill. App. 3d 876, 466 N.E.2d 1058; *People v. Washington* (1984), 125 Ill. App. 3d 109, 465 N.E.2d 666.) The habitual criminal statute does not violate the Illinois or the United States Constitution's provisions against *ex post facto* laws and double jeopardy. *People v. Morissette* (1986), 150 Ill. App. 3d 431, 501 N.E.2d 781; *People v. McNeil* (1984), 125 Ill. App. 3d 876, 466 N.E.2d 1058.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

NASH and UNVERZAGT, JJ., concur.